UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RODNEY L. GARROTT,

    Plaintiff,

  v.

KING COUNTY OFFICE OF PUBLIC DEFENDER, et al.,

    Defendants.

CASE NO. C07-1013-JCC

ORDER

This matter comes before the Court on Plaintiff's Motion for Summary Judgment (Dkt. No. 30), and Defendant King County Office of Public Defender (KCOPD)'s Response in opposition[1] (Dkt. No. 33). Plaintiff filed no reply. The Court has carefully considered these papers, their supporting declarations and exhibits, and the balance of relevant materials in the case file, and has determined that oral argument is not necessary. The Court hereby DENIES the motion and rules as follows.

**I.    BACKGROUND**

Rodney L. Garrott is an incarcerated plaintiff proceeding *pro se* in this civil rights action pursuant

---

[1] Defendant KCOPD also filed a Motion to Strike Plaintiff's Motion for Summary Judgment for Failure to Comply with Civil Rules (Dkt. No. 32). In its motion, Defendant points out that Plaintiff noted his summary judgment motion for the Court's consideration on three Fridays after filing, rather than four Fridays, in contravention of the Local Rules. However, as the Court ultimately DENIES Plaintiff's summary judgment motion, the Court hereby DENIES the motion to strike as moot.

ORDER – 1

to 42 U.S.C. §§ 1983, 1985, 1986, and 1988. (Pl.'s Mot. 1, 3 (Dkt. No. 30).) Plaintiff's Amended Complaint names as defendants a number of individuals and offices, including the King County Office of the Prosecuting Attorney, KCOPD, the Northwest Defender's Association, the Defender Association, and Benoit Lamendola, Kara Dansky, Katharine Beckerman, and Michael Danko, attorneys "employed by the Office of Public Defense." (Am. Compl. ¶ 2.4 (Dkt. No. 14).) Plaintiff's allegations stem from his representation in connection with numerous burglary charges. (Am. Compl. ¶ 3.1–3.5 (Dkt. No. 14 at 2–11).)

## II.   APPLICABLE STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The moving party bears the initial burden of showing that no genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the moving party meets this initial burden, then the party opposing the motion must set forth facts showing that there is a genuine issue for trial. *See T.W. Elec. Serv.*, 809 F.2d at 630. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

## III.   ANALYSIS

Plaintiff has not carried his burden of showing that no genuine issue of material fact exists. Plaintiff makes two arguments in his motion. First, he argues that, with the exception of KCOPD, the defendants in this case have failed to respond to the Amended Complaint. (Pl.'s Mot. 4 (Dkt. No. 30).) However, this is no basis upon which the Court could grant Plaintiff's motion, given that Plaintiff failed to serve any defendant besides KCOPD. (Def.'s Resp. 1 (Dkt. No. 33).)

ORDER – 2

Second, Plaintiff argues that Defendant KCOPD's pleadings, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact. (Pl.'s Mot. 4 (Dkt. No. 30).) "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This Plaintiff has not done. Instead, Plaintiff merely makes a conclusory statement that there is no genuine issue of material fact. Implicitly, he relies generally upon the pleadings to support that conclusion. However, Defendant denies every allegation in Plaintiff's Amended Complaint, and it appears to the Court that there are many disputed issues of material fact. (Dkt. No. 34-2.) As the party with the burden of persuasion at trial, Plaintiff must establish beyond controversy every essential element of his civil rights claims. *See S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003). Plaintiff fails to explain to the Court how he has established *any* element of his claims.

Additionally, Defendant KCOPD points out that there have been no interrogatories or admissions because KCOPD has not had any reasonable opportunity to conduct discovery yet. (Def.'s Mot. 3–4 (Dkt. No. 33).) Under the Federal Rules, the Court may deny a motion for summary judgment where "it appear[s] from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition[.]" FED. R. CIV. P. 56(f). Defendant KCOPD filed an affidavit explaining that discovery has thus far been limited both by Plaintiff's failure to keep opposing counsel and the Court informed of his address changes and his categorical refusal to answer deposition questions without counsel present, in spite of an earlier agreement to participate in his deposition. (Carranza Decl. ¶¶ 3, 5, 6, 7 (Dkt. No. 34 at 2).) The discovery deadline is currently set for August 4, 2008. (Dkt. No. 29.) The Court will not grant Plaintiff summary judgment before Defendant has even been permitted to discover information essential to its position. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986).

ORDER – 3

**IV.   CONCLUSION**

For the foregoing reasons, the Court hereby DENIES Plaintiff's Motion for Summary Judgment (Dkt. No. 30).

SO ORDERED this 29th day of May, 2008.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER – 4